MORTON *vs.* BEALL's Adm'r.—June, 1828.

The surety in a replevin bond is not a competent witness for the plaintiff, in the action of replevin.

If it is discovered during any part of a trial, that a witness is interested, his evidence shall be struck out.

Where the interest of a witness is discovered after his examination, it is the duty of the court to direct the jury to discard his evidence, although both parties may have informed the court, that the testimony was closed, and the witnesses had been discharged—the party making the objection having omitted to disclose it at an earlier period, with no intention of ensnaring his adversary.

APPEAL from *Saint-Mary's* County Court. Action of replevin for certain negro slaves, brought in the lifetime of the appellee's intestate, against the appellant. The death of the

then plaintiff was suggested, and the appellee, as his adminis-
trator, was made plaintiff. The sureties in the replevin bond
entered into by the plaintiff before the issuing the writ of re-
plevin, were *George G. Ashcom* and *John C. Ashcom.* The
defendant pleaded property in himself, to which issue was join-
ed.

At the trial the plaintiff produced and swore *John C. Ash-
com.* who gave important testimony to the jury on the issue join-
ed. Other witnesses were then examined by the plaintiff and de-
fendant, when the hour for adjourning the court arrived. When
the court were about to adjourn, they gave notice to the counsel
on both sides, that they would permit no other testimony to be
examined in the case the next day; if they had any other they
must then examine it; and the counsel answered they had none.
The court then adjourned. At the meeting of the court the
next morning, the case was taken up for trial, when the defen-
dant, by his counsel, prayed the court to instruct the jury, that
they would discard from their consideration, in making up their
verdict in this case, the testimony of the said *John C. Ashcom,*
it having been discovered, since the said witness was examin-
ed, that he was a surety in the replevin bond given in this case
by the plaintiff, and, therefore, incompetent. Which fact was
admitted. The counsel for the plaintiff objected to the instruc-
tion to the jury as prayed for. And the court told the counsel
for the defendant, that if he would state that he had not yester-
day known the fact, that the witness was surety in the replevin
bond, that then they would now discard his testimony, otherwise
they would not. The counsel answered that they had disco-
vered it when they were taking up the papers at the time of
the adjournment of the court on yesterday. The Court, [*Ste-
phen,* Ch. J. and *Plater,* A. J.] then refused to give the said
instruction, alleging that the application was too late; and in-
structed the jury to consider the testimony of the said *John C.
Ashcom* as competent—the witnesses all having been discharg-
ed the preceding day. The defendant excepted; and the ver-
dict and judgment being for the plaintiff, the defendant appeal-
ed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, ARCHER, and DORSEY, J.

*Stonestreet*, for the Appellant, contended, that the court below erred in refusing to reject the testimony of *John C. Ashcom*, who was a surety in the replevin bond.

*C. Dorsey*, for the Appellee, referred to *Curren v Connery*, 5 *Binny's Rep.* 488.

*Stonestreet*, in reply, cited *Allegre v The Maryland Insurance Company*, 6 *Harr. & Johns.* 413, 415.

EARLE, J. delivered the opinion of the Court. We are of opinion that the judgment in this case ought to be reversed, and a *procedendo* awarded.

The court clearly erred in refusing to direct the jury to discard the testimony of *John C. Ashcom*, who was manifestly an incompetent witness in the cause. The rule now is, if it is discovered, during any part of the trial, that a witness is interested, his evidence shall be struck out. The reason assigned for not striking out the evidence of *John C. Ashcom*, appears to us to be an insufficient one. No witness in the cause gave the important testimony delivered by *John C. Ashcom*, and it is presumable none of the witnesses were in possession of the facts narrated by him. If then new witnesses were to be sought for to supply his place, it could have been as well done the second day of the trial, as on the first, and the plaintiff's predicament was in no way changed by the adjournment. Neither does there appear any thing like a disposition in the defendant, to ensnare his adversary, by disregarding the promise made by him, to produce no new testimony at the adjourned meeting of the court. He offered no new evidence the next day, and only objected to testimony laid before the jury by the plaintiff, on a ground which came to his knowledge, when the jury were for the day discharged.

JUDGMENT REVERSED, AND PROCEDENDO ORDERED.